UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FREDERICK PIÑA,

                Plaintiff,                          **MEMORANDUM AND ORDER**

      -against-                                  25-CV-05231 (OEM) (LKE)

JUDGE NATASHA C. MERLE,

                Defendant.
-------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

*Pro se* plaintiff Frederick Piña filed the instant Complaint against the Honorable Natasha C. Merle, Complaint ("Complaint" or "Compl."), Dkt. 1, and motion to proceed *in forma pauperis*, ("IFP Motion"), Dkt. 2, on September 16, 2025. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this order.[1] For the reasons that follow, the Complaint is dismissed.

## BACKGROUND

On August 4, 2025, Plaintiff filed a lawsuit against State Farm Mutual Automobile Insurance Company in the Supreme Court of the State of New York, Richmond County, asserting a claim for breach of contract arising out of litigation in the Los Angeles Superior Court. *See Pina v. State Farm Mutual Automobile Insurance Company*, 25-CV-4716 (NCM) (LKE) ("*State Farm* Action"), Notice of Removal ("Notice of Removal"), Exhibit A at 1-2, Dkt. 1-2. The defendant in the *State Farm* Action removed it to the Eastern District of New York pursuant to the Court's diversity jurisdiction. *Id.* The removed action was assigned to the Honorable Natasha C. Merle.

---

[1] Plaintiff's IFP Motion is implausible, as it does not claim any income or expenses or explain how Plaintiff meets the necessities of daily living.

1

On September 3, 2025, the *State Farm* defendant moved for a pre-motion conference in anticipation of a motion to dismiss and alternatively requested that the matter be transferred to the Central District of California. *State Farm* Action, Letter Motion for pre motion conference by State Farm Mutual Automobile Insurance Company, Dkt. 13. On September 3, 2025, the Clerk of Court entered a notice on the docket to the defendants stating that the Letter Motion for pre motion conference should have been filed using the "Pre Motion Conference event" rather than the motion to dismiss event and further stated that "no corrective action" was required. *State Farm* Action, ECF Minute Entry dated Sept. 3, 2025, Incorrect Case/Document/Entry Information. On September 3, 2025, Plaintiff moved for an entry of default and default judgment claiming that the defendant's letter motion for pre-motion conference was a "juridical nullity" because it had filed using the wrong ECF event. *State Farm* Action, Plaintiff's Motion for Entry of Default and Default Judgment, Dkt. 23; Plaintiff's Reply Memorandum in Support of Entry of Default at 6, Dkt. 23-1. By Order entered September 12, 2025, Judge Merle found that a substantial part of the events giving rise to Plaintiff's claims in *State Farm* had occurred in California and that venue was proper in the United States District Court for the Central District of California. *State Farm* Action, Transfer Order at 3, Dkt. 31; Compl. at 4. In doing so, Judge Merle analyzed the factors for venue transfer under 28 U.S.C. § 1404(a) and found that the factors weighed in favor of transfer and therefore transferred the action to the United States District Court for the Central District of California. Transfer Order at 3-5.

Now, Plaintiff names Judge Merle as a defendant asserting that Judge Merle, "acting in the clear absence of all jurisdiction, deprived Plaintiff Frederick Piña of a vested property right without due process of law and without just compensation, in direct violation of the Fifth Amendment." Compl. at 3. Plaintiff claims that because the *State Farm* defendant's timely filed pre-motion

2

letter anticipating a motion to dismiss was filed using the wrong ECF event, he had a "vested right to a default judgment." *Id.* at 10-15.[2]  Plaintiff asserts additional federal and state law claims and ultimately demands more than $31 trillion in compensatory damages. *Id.* at 32.  Plaintiff subsequently filed several motions, letters, notices, and requests seeking to compel various forms of relief.[3]

## DISCUSSION

### I. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[2] Page numbers refer to the ECF PageID pagination.

[3] *See* Motion to Compel Performance of Nondiscretionary Federal Duties, Dkt. 5; Motion for Constitutional Redress of Ultra Vires Judicial Action, Dkt. 6; Notice re: Constitutional Exigency Requiring Immediate Judicial Cognizance, Dkt. 7; Proposed Order, Dkt. 8; Request for Certificate of Default, Dkt. 9; Plaintiff's Formal Demand for Clerk's Execution of Non-discretionary Ministerial Duty Under the Constitutional Framework of the Federal Rules of Procedure, Dkt. 10; Plaintiff's Motion for Judicial Notice of Extrinsic Evidence of Continuing Fraud Upon the Court by Real Party in Interest, Dkt. 11; Plaintiff's Motion for Judicial Notice Pursuant to F.R.E. 201, Dkt. 12; Courtesy Copy of Letter to the Central District of California, Dkt. 13; Courtesy Copy of Letter to the Court of Appeals, Dkt. 14.

relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## II. Judicial Immunity

It is well-settled that judges have absolute immunity from suits and ultimate assessment of damages arising out of judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding judge was judicially immune from suit and damages for allegedly ordering police officers to bring attorney before judge). The purpose of absolute immunity is to protect "the independent and impartial exercise of judgment vital to the judiciary [which] might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 435 (1993). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity may be overcome in only two circumstances: (1) if the court is alleged to have taken "nonjudicial actions" or (2) if the judicial actions were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988); *Stump,* 435 U.S. at 360). To determine whether a judge has acted in absence of all jurisdiction, a two-part inquiry requires determination first of whether the judge acted with jurisdiction over the subject matter, and second whether the act complained of was a "judicial" act, *i.e.*, one "normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 356-62.

Plaintiff's allegations against Judge Merle are of her official acts in judicial proceedings,

4

which are protected by judicial immunity. Plaintiff alleges that by ordering that the *State Farm* action be transferred, Judge Merle acted "in the clear absence of all jurisdiction, deprived Plaintiff Frederick Pina of a vested property right without due process of law and without just compensation, in direct violation of the Fifth Amendment." Compl. at 3. Plaintiff contends that Judge Merle willfully ignored the mandatory, non-discretionary command of Federal Rule of Civil Procedure 55(a) because the *State Farm* defendant had defaulted. *Id.* at 3. He contends that the transfer was therefore discretionary and a structural abuse of judicial power that violated the separation of powers and by "elevating a subordinate Individual Practice Rule over the Federal Rules of Civil Procedure, acted beyond the scope of her judicial authority and stripping her of the protections of judicial immunity." *Id.* at 3-4.

After the *State Farm* action was removed from Richmond County to the United States District Court for the Eastern District of New York , it was assigned to Judge Merle pursuant to Rule 2(a) of the Rules for the Division of Business for the Eastern District of New York, as adopted pursuant to 28 U.S.C. § 137 ("Local Rules"). Judge Merle had appropriate jurisdiction over case assigned to her through this procedure. *See, e.g., Brik v. Brodie*, 23-CV-4330 (LJL), 2024 WL 1604194 (E.D.N.Y. Apr. 12, 2024) (dismissing *pro se* plaintiff's constitutional challenge to Rule 3(d) of the Local Rules), *appeal dismissed,* (Dec. 3, 2024).

Judge Merle acted within her jurisdiction when ordering that the *State Farm* Action be transferred to a different venue. 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The district court has broad discretion in determining whether transfer to a different venue is warranted. *See Blechman v. Ideal Health, Inc.,* 668 F. Supp. 2d 399, 403

5

(E.D.N.Y. 2009) (citing *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 01-CV-4751 (BSJ), 2001 WL 1242277, at *3 (S.D.N.Y. Oct. 16, 2001)).

Judge Merle's order transferring the *State Farm* Action was a judicial act. A judge's control of ongoing proceedings and managing the docket is at the heart of the judicial function. *See Huminski v. Corsones,* 396 F.3d 53, 76 (2d Cir. 2005). Further, ordering a transfer is within a district judge's judicial capacity. *See Glenora v. City of White Plains,* 53 F. Supp. 2d 621, 624-25 (S.D.N.Y. 1999) (judicial immunity "extends to the performance of any judicial act, which necessarily encompasses . . . Judge Baer's decision to transfer Glendora's prior action[.]"); *Ingram v. Hanley,* 19-CV-313 (DNH) (ATB), 2019 WL 1762627, at *4 (N.D.N.Y. Apr. 22, 2019) ("[s]uch action was clearly taken in Judge Sharpe's capacity as a federal district judge, acting in his judicial capacity in ordering the transfer."); *Miller v. Apple, Inc.,* 25-CV-1172 (JPC) (RFT), 2025 WL 1852964, at *4 (S.D.N.Y. Apr. 7, 2025) ("[e]ven the transfer of the case by then-District Judge Childs qualifies as a judicial action) (citing *Bobrowsky v. Yonkers Courthouse,* 777 F. Supp. 2d 692, 714 (S.D.N.Y. 2011) (reasoning that a judge's decision to transfer a particular case to another court is typically a "judicial function.")).

Because Judge Merle acted within her jurisdiction over the subject matter and her order transferring the *State Farm* Action was a judicial act, Plaintiff fails to allege conduct outside the scope of Judge Merle's absolute immunity. Accordingly, the Court finds that Judge Merle is immune from suit, and thus all the claims against her are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

## CONCLUSION

For the foregoing reasons, the Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) for failure to state a claim upon which relief can be granted for seeking monetary relief from a defendant who is immune from such relief. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, solely for the purpose of this Order. Because it would be futile to permit Plaintiff to file an amended complaint, leave to amend the complaint is denied. *See McCracken v. Verisma Systems, Inc.,* 91 F.4th 600, 609 (2d Cir. 2024) ("[M]otions to amend should generally be denied in instances of futility[.]" (quoting *Burch v. Pioneer Credit Recovery, Inc,* 551 F.3d 122, 126 (2d Cir. 2008))). Plaintiff's Motion to Compel, Dkt. 5; Motion for Constitutional Redress of Ultra Vires Judicial Action, Dkt. 6; Motion for Judicial Notice of Extrinsic Evidence of Continuing Fraud Upon the Court by Real Party in Interest, Dkt. 11; and Motion for Judicial Notice Pursuant to F.R.E. 201, Dkt. 12 are denied as moot.

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of the judgment and this Memorandum and Order to the *pro se* plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                /s/  
                                       ORELIA E. MERCHANT  
                                       United States District Judge

November 17, 2025  
Brooklyn, New York